CECILY A. WATERMAN, State Bar No. 63502
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
TRUE POSITION, INC.

STEPHEN DYE, State Bar No. 104385
SCHNADER, HARRISON, SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94101
Tel: 415.364.6700
Fax: 415.364.6785

Attorney for Defendant,
S.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GLADYS GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>TRUE POSITION, INC., S.COM, INC.,<br>CHRIS LOPEZ, JAMES HUDGENS,<br>JANSEN CRUZ PEREZ, CHRIS<br>LAPHAM, and DOES 1 through 10,<br>inclusive,<br><br>Defendants. | Case No. CV 07 5899<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Defendants TRUE POSITION, INC. and S.COM, INC. (collectively "Defendants"), give

notice, in accordance with 28 U.S.C. §1441(a), of removal of this case from the Superior Court of

the State of California, County of Alameda, to the United States District Court for the Northern

District of California, Oakland Division, and in support thereof state the following:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630683.1

1

DEFENDANTS' NOTICE OF REMOVAL

**Background**

1.     Plaintiff commenced this matter in the Superior Court of the State of California, County of Alameda on or about September 5, 2007, by the filing of a Complaint, docketed as RG 07344517. On October 25, 2007, Defendant S.Com, Inc. was served with a copy of the Complaint. A true and correct copy of the Complaint and all other process served with the Complaint is attached hereto as Exhibit A.

2.     The Complaint alleges that Defendants violated the California Fair Employment and Housing Act by discriminating against and harassing Plaintiff based on Plaintiff's sex and national origin and retaliating against Plaintiff by terminating her employment after she complained of the alleged harassment.

3.     Plaintiff further alleges a cause of action for intentional infliction of emotional distress and wrongful termination in violation of public policy.

4.     Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff prays for relief including compensatory damages, mental and emotional distress damages, punitive damages, an award of interest, an award of attorneys' fees, fees for cost of suit, and further relief as the court deems appropriate. Were Plaintiff to prevail in this action, the amount of these damages could exceed $75,000.

5.     Although Defendant True Position, Inc. has not been served with Plaintiff's Complaint, both Defendants True Position, Inc. and S.Com, Inc filed an Answer to Plaintiff's Unverified Complaint in the Superior Court of the State of California, County of Alameda, denying all material allegations in the Complaint on November 19, 2007 and November 20, 2007, respectively. A true and correct copy of the Answer filed by Defendant True Position, Inc. is attached as Exhibit B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630683.1

2

**Citizenship of Parties**

6.      Plaintiff is an adult individual who at all times material to the action, and at present, is a resident of the State of California.

7.      Defendant True Position, Inc. is a Delaware corporation and at all relevant times had its principal place of business in the Commonwealth of Pennsylvania. Therefore, Defendant True Position, Inc. is a citizen of Delaware and Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1331 (c)(1).

8.      Defendant S.Com, Inc. is a Delaware corporation and at all relevant times had its principal place of business in the State of Florida. Therefore, Defendant S. Com, Inc. is a citizen of Delaware and Florida for purposes of determining diversity. 28 U.S.C. § 1331 (c)(1).

9.      Defendants are informed and believe that Defendant Chris Lopez is an adult individual whose last known residence was in the State of Nevada.

10.     Defendants are informed and believe that Defendant James Hudgens is an adult individual whose last known residence was in the State of Tennessee.

11.     Defendants are informed and believe that Defendant Jansen Cruz Perez is an adult individual whose last known residence was in the State of Florida.

12.     Defendants are informed and believe that Defendant Chris Lapham is an adult individual whose last known residence was in the State of Texas.

13.     The Doe defendants named in the Complaint have no effect on this removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).

14.     Upon information and belief, none of the other Defendants have been served with the Complaint at the time of the filing of this document, nor does the docket of the state court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630683.1                                    3

DEFENDANTS' NOTICE OF REMOVAL

reflect that any such service has been made.

**Jurisdiction**

15.    The citizenship of Plaintiff is completely diverse from the citizenship of all Defendants.

16.    Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges that she was discriminated against and harassed based on her sex and national origin, retaliated against, and wrongfully terminated in violation of public policy. Plaintiff further alleges a cause of action for intentional infliction of emotional distress. Plaintiff seeks to recover several categories of damages including lost wages, employment benefits, damages for mental and emotional distress, punitive damages, and costs and attorneys' fees. Were Plaintiff to prevail in this action, the amount of these damages could exceed $75,000.

17.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

18.    This action is properly removed from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1441(a) and (b).

19.    By filing this Notice of Removal, Defendants do not waive any right or defense that may be available to them.

20.    The consent of Defendants Lopez, Hudgens, Cruz Perez, and Lapham has not been obtained for this removal because, to the best of Defendants' knowledge, they have not yet been served with the Complaint. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1987) (a defendant who has been served or who has otherwise acquired notice of a state court action need

ORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630683.1

4

not seek out and notify codefendants who have not yet been served to ask them to join in the removal).

21.    Written notice of removal has been given to Plaintiff through her counsel of record and a copy of the Notice of Removal will be filed with the Clerk of Courts of the Superior Court of California, County of Alameda.

WHEREFORE, Defendants True Position, Inc. and S.Com, Inc. respectfully remove the above-captioned matter to the United States District Court for the Northern District of California.

Dated: November 21, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _Cicily Waterman ISB_
Cecily Waterman
Attorney for Defendant
True Position, Inc.

Dated: November 21, 2007

SCHNADER, HARRISON, SEGAL &
LEWIS LLP

By _____
Stephen Dye
Attorney for Defendant
S.Com, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630683.1                                    5

DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

ENDORSED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2007 SEP -5 AM 11: 08

BY ALPHONSINE OATES

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRUE POSITION, INC., S.COM, INC., CHRIS LOPEZ, JAMES HUDGENS, JANSEN CRUZ PEREZ, CHRIS LAPHAM, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLADYS GUTIERREZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* **RG07344517** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Valerie Toohey O'Dell, 887 Island Drive, Suite 220c, Alameda, CA 94502, 510-814-3785

DATE: September 4, 2007        **PAT S. SWEETEN**        Clerk, by _A. Oates_ , Deputy
*(Fecha)*                        *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* S. COM, INC.

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**



1  VALERIE TOOHEY O'DELL (State Bar No. 101999)
   O'DELL & O'DELL, LLP
2  887 Island Drive, Suite 220c
   Alameda, CA  94502
3  Telephone  (510) 814-3785
   Facsimile: (510) 814-3795
4
   Attorneys for Plaintiff
5  GLADYS GUTIERREZ

                                         FILED ALAMEDA COUNTY

                                              SEP -5 2007

                                         CLERK OF SUPERIOR COURT
                                         BY_____
                                                      DEPUTY

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                            COUNTY OF ALAMEDA

9  GLADYS GUTIERREZ,

10              Plaintiff,                Civil Action No.    P G 0 7 3 4 4 5 1 7

11      v.                                COMPLAINT FOR DAMAGES FOR
                                          SEXUAL/SEX HARASSMENT;
12  TRUE POSITION, INC.; S.COM, INC.,     FAILURE TO TAKE REASONABLE
    CHRIS LOPEZ, JAMES HUDGENS,           STEPS TO PREVENT AND CORRECT
13  JANSEN CRUZ PEREZ, CHRIS              SEXUAL HARASSMENT;
    LAPHAM, and DOES 1 through 10,        RETALIATION; NATIONAL ORIGIN
14  inclusive,                            HARASSMENT and
                                          DISCRIMINATION; FAILURE TO
15              Defendants.               TAKE REASONABLE STEPS TO
    _____/     PREVENT AND CORRECT
16                                        NATIONAL ORIGIN HARASSMENT
                                          and DISCRIMINATION;
17                                        INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS; WRONGFUL
18                                        TERMINATION IN VIOLATION OF
                                          PUBLIC POLICY
19

20      Plaintiff GLADYS GUTIERREZ,  for her complaint against Defendants TRUE

21  POSITION, INC., S.COM, Inc., CHRIS LOPEZ, JAMES HUDGENS, JANSEN CRUZ

22  PEREZ, CHRIS LAPHAM, and DOES 1 through 10, inclusive, hereafter collectively referred

23  to as "Defendants," alleges as follows:

24                          **JURISDICTION AND VENUE**

25      1.    This Court has jurisdiction of this action because the alleged wrongful and

26  discriminatory conduct occurred at a place of employment situated in the City of Pleasanton,  in

27  the County of Alameda, in the State of California.

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

**PARTIES**

2.   Plaintiff GLADYS GUTIERREZ, age 25, is a young adult woman originally from the Phillippines.  In September 2006, she was hired by Defendant S.COM, an employment agency, and was assigned by S.COM to work at Defendant TRUE POSITION, INC., a provider of wireless location technologies.  Both S.COM and TRUE POSITION, INC. served as her joint employers.  Ms. Gutierrez worked as the office administrator in the Pleasanton, California office of Defendant TRUE POSITION, INC..  There, she was the lone female among numerous male supervisors who subjected her to demeaning sexual and national origin-based derogatory remarks on nearly a daily basis, creating an overtly hostile working environment for her.

3.   At all material times, Plaintiff was an employee within the meaning of California Government Code section 12940 subdivisions (a), (h) and (j) which obligate employers to provide a work environment free from sexual and national origin harassment and discrimination, and to take all steps necessary to prevent and correct such harassment and discrimination, and to refrain from retaliating against those who oppose or report sexual and national origin harassment.

4.   Defendant TRUE POSITION, INC.. is a corporation licensed to do business in California.

5.   Defendant S.COM.  is a corporation licensed to do business in California.

6.   Defendant CHRIS LOPEZ,  a non-Filipino American male, was employed by TRUE POSITION, INC. as a supervisor.  As such, Defendant LOPEZ had responsibility to manage and supervise various TRUE POSITION, INC. and S.COM employees, including Plaintiff.

7.   Defendant JAMES HUDGENS,  a non-Filipino American male, was employed by TRUE POSITION, INC. and S.COM as a supervisor.  As such, Defendant HUDGENS had responsibility to manage and supervise various TRUE POSITION, INC. and S.COM employees, including Plaintiff.

8.   Defendant JANSEN CRUZ PEREZ,  a non-Filipino American male, was employed by TRUE POSITION, INC. and S.COM as a supervisor.  As such, Defendant CRUZ PEREZ had responsibility to manage and supervise various TRUE POSITION, INC. and S.COM employees, including Plaintiff

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.                    2

9.    Defendant CHRIS LAPHAM,  a non-Filipino American male, was employed by TRUE POSITION, INC. and S.COM as a supervisor.  As such, Defendant LAPHAM had responsibility to manage and supervise various TRUE POSITION, INC. and S.COM employees, including Plaintiff

10.    The true names or capacities, whether individual, corporate, associate or otherwise, of Defendant Does 1 to 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as Doe is legally responsible in some manner (as the agent, partner and/or employee of a co-defendant) for the events and happenings herein referred to and in doing the actions mentioned below was acting individually and as an agent of the other Defendants, and with their permission and consent.  All actions of each Defendant herein alleged were ratified and approved by the other individual Defendants and by the officers and managing agents of each corporate Defendant and partnership.

## FACTS COMMON TO ALL CAUSES OF ACTION

11    Plaintiff worked as an office administrator for her joint employers, Defendants TRUE POSITION, INC. and S.COM from September 2006 until December 2006 when Defendants TRUE POSITION, INC. and S.COM abruptly terminated her right after she made a sexual harassment complaint.

12.    In that office, Ms. Gutierrez was the lone female among numerous male supervisors who created an overly hostile working environment for her.

13.    During her employment, Plaintiff was supervised, directly or indirectly by Defendants TRUE POSITION, INC. and S.COM Supervisors, including Defendants LOPEZ, HUDGENS, CRUZ PEREZ and LAPHAM    In that role, they were responsible for directing Plaintiff's work, and  recommending employment decisions.

14.    Beginning soon after she was hired, Plaintiff was subjected to a pattern and practice of sexual and national origin harassment by the actions of Defendants  LOPEZ, HUDGENS, CRUZ PEREZ and LAPHAM, Supervisors of Defendants TRUE POSITION, INC. and S.COM.  The

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.                3

1  harassment was sufficiently pervasive so as to alter the conditions of Plaintiff's employment.

2  When Plaintiff complained of the harassment, she was terminated, thus making the harassment

3  both hostile work environment and *quid pro quo* sexual harassment.

4      15.   Male supervisors, including Defendant HUDGENS repeatedly questioned Ms. Gutierrez

5  about the type of underwear she wore, drew pictures of "g-strings," and openly speculated as to

6  what type of underwear Ms. Gutierrez wore.

7      16.   Defendant LOPEZ, Supervisor with TRUE POSITION, INC. joined in these

8  conversations. He repeatedly stated that he would like to date plaintiff if she were a little uglier

9  and a little older. More than once Defendant LOPEZ told her, "you make me hot right now."

10      17.   Field Supervisor Defendant CRUZ-PEREZ repeatedly asked Plaintiff to go out with

11  him. He told her she needed a "sugar daddy" and that he would be her "sugar daddy." Defendant

12  CRUZ-PEREZ made these remarks in the presence of Defendant LOPEZ without repercussion.

13      18.   Being subjected to this barrage of sexually-demeaning remarks made Ms. Gutierrez

14  feel like a prostitute.

15      19.   Defendant LOPEZ also made demeaning to plaintiff based on her gender, female, such

16  as, "you're paid from here down," gesturing to her neck, and, "you're not paid to think."

17      20.   Defendant LAPHAM made demeaning comments to plaintiff about her national origin,

18  Phillippines. He berated her accent. He told her, "I can't understand a word you're saying," and

19  that he didn't like Asians and other minorities. He openly stated he would kill any member of his

20  family who married someone of another race.

21      21.   In late November 2006, Defendants HUDGENS and LOPEZ came into the office

22  laughing and then referred to plaintiff as "camel toe" a vulgar and sexually-degrading reference

23  to her genitals. Mr. Lopez found this so funny he covered his face laughing. The next day, Mr.

24  Hudgens called Mr. Lopez over to look at his laptop and played a video which again referred to

25  "camel toe." Mr. Hudgens also showed the video to two other supervisors, along with other

26  pornographic material.

27      22.   Ms. Gutierrez, once she learned that the phrase "camel toe" referred to her genitals,

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.                4

1   reported these remarks to Field Supervisor Anthony Mitchell just before Thanksgiving 2006.

2   Mr. Mitchell urged Plaintiff to report this to Defendant LOPEZ, even though Mr. Lopez was well

3   aware of the remarks and laughed at them. Mr. Mitchell also called Mr. Lopez himself to discuss

4   the remarks.

5       23   Defendant LOPEZ became very angry at Plaintiff after she sent him an e-mail reporting

6   the sexual comments, asking her, "do you know what you've done?" He told Plaintiff she was

7   accusing and naming people. When Plaintiff tried to explain that she just wanted him to know

8   how she felt, Defendant LOPEZ insisted in response, "It didn't happen, Gladys."

9       24.   Defendant LOPEZ also questioned Plaintiff why she was bringing this up when the

10  Project was almost over, and that she should be thinking about herself and her daughter. This

11  was a reference to an earlier offer of a position in Las Vegas with Defendant TRUE POSITION,

12  INC. that Defendant LOPEZ had made to Plaintiff.

13      25.   Mr. Mitchell called Defendant LOPEZ three times, and advised him that all Ms.

14  Gutierrez was looking for was an apology from Mr. Hudgens.

15      26.   Ultimately, Defendant HUDGENS called Ms. Gutierrez, but denied making the

16  comments and made no apology.

17      27.   After Thanksgiving Defendant LOPEZ instructed plaintiff to file a complaint because

18  he stated, "corporate reads my e-mail." Plaintiff filled out the complaint form.

19      28.   When Plaintiff tried to discuss the complaint with Defendant CRUZ-PEREZ, he told

20  her that "the less I know the better for me." He also told Plaintiff that Mr. Hudgens was just

21  joking and that she was ruining his life, his house, and his wife. Ms. Gutierrez advised Mr. Cruz-

22  Perez she just asked for an apology.

23      29.   After Ms. Gutierrez filed the report, Defendant HUDGENS refused to speak to her or

24  answer her work-related questions

25      30.   A few days later, in or about late November, 2006, SECOM's CFO, Frank Forbes

26  contacted Ms. Gutierrez. He left her a message stating that he was notified by Defendant TRUE

27  POSITION, INC. that she had filed a sexual harassment charge and that he was also informed

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.                5

1    that Jim Hudgens had apologized to her. Ms. Gutierrez called Mr. Forbes and informed him that

2    there was no apology and that Mr. Hudgens denied making the remarks.

3        31.    Mr. Forbes then told Plaintiff not to come to work so that Human Resources could

4    investigate her complaint. He also stated that he would call his lawyer.

5        32.    Instead of Human Resources investigating her complaint, two attorneys employed by

6    both S.COM and TRUE POSITION, INC. called Ms. Gutierrez and interrogated her about the

7    sexual harassment complaint in a hostile and intimidating fashion.

8        33.    In a blatant act of retaliation, Ms. Gutierrez was terminated a few days later by both

9    Defendants S.COM and TRUE POSITION, INC., although the Pleasanton project to which she

10   was assigned was not completed. Prior to complaining, Ms. Gutierrez had been offered a

11   position with TRUE POSITION, INC. in Las Vegas when this job ended.

12       34. To date, S.COM has never offered Plaintiff another position.

13                              **FIRST CAUSE OF ACTION**

14              **(Violation of California Fair Employment and Housing Act**
                **Government Code Section 12940 (j) - Sex-Based and Sexual Harassment)**

15   As a first cause of action against all Defendants, Plaintiff alleges:

16       35.    The allegations set forth in paragraphs 1 through 34 are realleged and incorporated herein

17   by reference as through fully set forth herein.

18

19       36.    At all times herein mentioned, Government Code section 12940, subdivision (j) was in

20   full force and effect and was binding on Defendants. This subsection requires Defendants to take

21   all reasonable steps to prevent sex-based and sexual harassment from occurring, to refrain from

22   sexually harassing an employee, to promptly correct sex-based and sexual harassment if it occurs.

23       37.    The acts of Defendants, as described more fully above, including creation of a hostile

24   work environment and subjecting plaintiff to *quid pro quo* sexual harassment, as well as

25   Defendants' failure to prevent and correct sexual harassment, are in violation of Government Code

26   section 12940, subdivision (j).

27       38.    Within the time provided by law, Plaintiff filed or caused to have filed a complaint with

28

1    the California Department of Fair Employment and Housing ("DFEH"), alleging sex

2    discrimination and sexual harassment against Defendants.

3        39.    As a proximate result of Defendants' violations of Government Code section 12940 (j),

4    Plaintiff has sustained losses in earnings and other employment benefits.

5        40.    As a proximate result of Defendants' violations of Government Code section 12940 (j),

6    Plaintiff suffered emotional distress and mental pain and anguish, all to her damage in a sum

7    according to proof.

8        41.    Defendants' conduct, as described above, was willful, knowing and intentional.

9    Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according

10   to proof. Defendants and their agents, supervisors and managers committed the acts herein alleged

11   maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiffs, from

12   an improper and evil motive amounting to malice, and in conscious disregard of the rights of

13   Plaintiff. Such conduct was carried out, authorized and/or ratified by Directors and/or managing

14   agents of Defendants.

15       42.    As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an

16   attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is

17   entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

18       WHEREFORE Plaintiff prays for judgment as set forth below.

19                            **SECOND CAUSE OF ACTION**

20          **(Violation of California Fair Employment and Housing Act**
                        **Government Code Section 12940 (k) -**
21        **Failure to take all Reasonable Steps to Prevent Sexual Harassment)**

22       As a second cause of action against Defendants TRUE POSITION, INC. and S.COM, Plaintiff

23   alleges:

24       43.    The allegations set forth in paragraphs 1 through 42 are realleged and incorporated herein

25   by reference as though fully set forth herein.

26       44.    Plaintiff is informed and believes and thereupon alleges that Defendants TRUE

27   POSITION, INC. and S.COM knew or reasonably should have known of its supervisors' and

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

                                           7

1  managers' propensities to engage in unlawful, sexually-harassing conduct in the workplace and

2  should have restrained them from engaging in such conduct and/or Defendants TRUE POSITION,

3  INC. and S.COM should have taken steps to prevent its supervisors and managers from engaging

4  in such unlawful conduct. Defendants TRUE POSITION, INC. and S.COM should have provided

5  appropriate training, supervision or control before placing female employees in this work

6  environment and under the direction and control of supervisors and managers with known

7  proclivities to sexually harass female employees.

8    45.    Plaintiff is informed and believes that no sexual harassment training or inadequate sexual

9  harassment training occurred at Defendants TRUE POSITION, INC. and SECOM's work sites and

10  that its Managers, Supervisors and employees were not provided training or were given inadequate

11  training on laws prohibiting sexual harassment.

12    46.    At all times herein mentioned, Government Code section 12940 (k) was in full force and

13  effect and was binding on Defendants TRUE POSITION, INC. and S.COM.  This subsection

14  requires Defendant to take all reasonable steps necessary to prevent discrimination and harassment

15  from occurring.  As alleged above, Defendant violated this subsection by failing to take all

16  reasonable steps necessary to prevent its supervisors and managers  from sexually harassing

17  Plaintiff and other female employees, and failed to adequately investigate and respond to Plaintiff's

18  complaints of sexual harassment and to remedy the harassment.

19    47.    Within the time provided by law, Plaintiff caused to have filed a charge with the

20  California Department of Fair Employment and Housing (DFEH) alleging sexual harassment

21  against Defendants TRUE POSITION, INC. and S.COM in full compliance with the Fair

22  Employment and Housing Act.

23    48.    As a proximate result of Defendants TRUE POSITION, INC. and SECOM's willful,

24  knowing and intentional acts of sexual harassment against Plaintiff, she has sustained losses in

25  earnings and other employment benefits.

26    49.    As a proximate result of Defendant TRUE POSITION, INC. and S.COM's  willful,

27  knowing and intentional discrimination against her,  Plaintiff suffered emotional distress and

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC.,  S.COM, INC., et al.                    8

1  mental pain and anguish, all to her damage in a sum according to proof.

2      50.    Defendants TRUE POSITION, INC. and S.COM committed the acts herein alleged

3  maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

4  an improper and evil motive amounting to malice, and in conscious disregard of the rights of

5  Plaintiff. Such conduct was ratified by the owners, directors and managers of Defendants and was

6  thus authorized and/or ratified by Defendants TRUE POSITION and S.COM.   Accordingly,

7  Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

8      51.    As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an

9  attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is

10  entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

## THIRD CAUSE OF ACTION

### (Violation of California Fair Employment and Housing Act
### Government Code Section 12940 (h) - Retaliation)

14  As a third cause of action against Defendants TRUE POSITION and S.COM, Plaintiff alleges:

15      52.    The allegations set forth in paragraphs 1 through 51 are realleged and incorporated herein

16  by reference as though fully set forth herein.

17      53.    At all times herein mentioned, Government Code section 12940, subdivision (h) was in

18  full force and effect and was binding on Defendants TRUE POSITION and S.COM.  This

19  subsection requires Defendants to refrain from retaliation against any employee because the

20  employee has opposed discrimination, harassment or other illegal practices.

21      54.    After Plaintiff opposed the sexual harassment by Defendants,  Defendants TRUE

22  POSITION and S.COM retaliated against Plaintiff, swiftly terminating her in response to her

23  complaint and her insistence on pursuing a complaint of sexual harassment.

24      55.    The actions of  Defendants TRUE POSITION and S.COM, as described more fully

25  above, are in violation of Government Code section 12940, subdivision (h).

26      56.    Defendants TRUE POSITION and S.COM also retaliated against Plaintiff after she

27  opposed sexual harassment by refusing to correct, stop or prevent future instances of sexual

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

9

1   harassment, thereby continuing to subject Plaintiff to an intolerable work environment. The acts

2   of these Defendants, as described more fully above, are in violation of Government Code section

3   2940, subdivision (h).

4   57.   Within the time provided by law, Plaintiff filed, or caused to have filed, a complaint with

5   the California Department of Fair Employment and Housing ("DFEH"), alleging retaliation by

6   Defendants.

7   58.   As a proximate result of these Defendants' violations of Government Code section 12940

8   (h), Plaintiff has sustained losses in earnings and other employment benefits.

9   59.   As a proximate result of these Defendants' violations of Government Code section 12940

10  (h), Plaintiff has suffered emotional distress and mental pain and anguish, all to her damage in a

11  sum according to proof.

12  60.   Defendants TRUE POSITION and S.COM's conduct, as described above, was willful,

13  knowing and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary

14  damages in an amount according to proof. Defendants and their agents, supervisors and managers

15  committed the acts herein alleged maliciously, fraudulently and oppressively with the wrongful

16  intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in

17  conscious disregard of the rights of Plaintiff. Such conduct was carried out, authorized and/or

18  ratified by an owner, director or managing agent of Defendants.

19  61.   As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an

20  attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is

21  entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

22  WHEREFORE Plaintiff prays for judgment as set forth below.

23  ## FOURTH CAUSE OF ACTION

24  **(Violation of California Fair Employment and Housing Act
    Government Code Section 12940 (j) -
25  National Origin Harassment and Discrimination)**

26  As a fourth cause of action against all Defendants, Plaintiff alleges:

27  62.   The allegations set forth in paragraphs 1 through 61 are realleged and incorporated herein

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.
                                                     10

1  by reference as through fully set forth herein.

2     63.    At all times herein mentioned, Government Code section 12940, subdivision (j) was in
3  full force and effect and was binding on Defendants.  This subsection requires employers and
4  individuals to refrain from harassing or discriminating against an employee based upon her
5  national origin, to correct such harassment and discrimination and to take all reasonable steps to
6  prevent national origin harassment and discrimination from occurring.

7     64.    Plaintiff is informed and believes that male supervisors of S.COM and TRUE POSITION,
8  INC. singled her out for sexually-offensive and racially-derogatory remarks because of her
9  national origin, Phillippines, in violation of Government Code section 12940, subdivision (j).

10    65.    Although Plaintiff opposed the ethnically- disparaging remarks, Plaintiff is informed and
11 believes that Defendants TRUE POSITION, INC. and S.COM took no action against Defendants
12 in response.

13    66.    Within the time provided by law, Plaintiff filed or caused to have filed a complaint with
14 the California Department of Fair Employment and Housing ("DFEH"), alleging national origin
15 harassment and discrimination against Defendants.

16    67.    As a proximate result of Defendants' violations of Government Code section 12940 (j),
17 Plaintiff has sustained losses in earnings and other employment benefits.

18    68.    As a proximate result of Defendants' violations of Government Code section 12940 (j),
19 Plaintiff suffered  emotional distress and mental pain and anguish, all to her damage in a sum
20 according to proof.

21    69.    Defendants' conduct, as described above, was willful, knowing and intentional.
22 Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according
23 to proof.  Defendants and their agents, supervisors and managers committed the acts herein alleged
24 maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiffs, from
25 an improper and evil motive amounting to malice, and in conscious disregard of the rights of
26 Plaintiff.  Such conduct was carried out, authorized and/or ratified by Directors and/or managing
27 agents of Defendants.

28
COMPLAINT FOR DAMAGES ·
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.        11

70.    As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

WHEREFORE Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

**(Violation of California Fair Employment and Housing Act
Government Code Section 12940 (k) -
Failure to take all Reasonable Steps to Prevent
National Origin Harassment and Discrimination)**

As a fifth cause of action against Defendants TRUE POSITION, INC. and S.COM Plaintiff alleges:

71.    The allegations set forth in paragraphs 1 through 70 are realleged and incorporated herein by reference as though fully set forth herein.

72.    Plaintiff is informed and believes and thereupon alleges that Defendants TRUE POSITION, INC. AND S.COM knew or reasonably should have known of its supervisors' propensities to engage in unlawful, racially harassing or discriminatory conduct in the workplace and should have restrained them from engaging in such conduct and/or Defendants TRUE POSITION, INC. and S.COM should have taken steps to prevent these managers from engaging in unlawful discriminatory conduct. Defendants S.COM and TRUE POSITION, INC. should have provided appropriate training, supervision or control over its supervisors and managers before placing a young, minority female employee in this work environment and under the direction and control of Defendants LOPEZ, HUDGENS, LAPHAM and CRUZ-PEREZ.

73.    Plaintiff is informed and believes that no harassment training or inadequate harassment training occurred at Defendants S.COM and TRUE POSITION, INC.'s premises and that its Directors, Managers, supervisors and employees were not provided training or were given inadequate training on laws prohibiting national origin harassment and discrimination.

74.    At all times herein mentioned, Government Code section 12940 (k) was in full force and effect and was binding on Defendants S.COM and TRUE POSITION, INC. This subsection

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

12

1 requires Defendants to take all reasonable steps necessary to prevent discrimination and

2 harassment from occurring. As alleged above, Defendants S.COM and TRUE POSITION, INC.

3 violated this subsection by failing to take all reasonable steps necessary to prevent Defendants

4 LOPEZ, LAPHAM, HUDGENS and CRUZ-PEREZ from harassing and discriminating against

5 Plaintiff because of her national origin, and failed to adequately investigate and respond to

6 Plaintiff's complaints of harassment and discrimination and to remedy the harassment.

7     75.   Within the time provided by law, Plaintiff caused to have filed charges with the

8 California Department of Fair Employment and Housing (DFEH) alleging national origin

9 harassment and discrimination against Defendants in full compliance with the Fair Employment

10 and Housing Act.

11     76.   As a proximate result of Defendants S.COM and TRUE POSITION, INC.'s willful,

12 knowing and intentional acts of sexual and origin-based harassment and discrimination against

13 Plaintiff, she has sustained losses in earnings and other employment benefits.

14     77.   As a proximate result of Defendant S.COM and TRUE POSITION, INC.'s willful,

15 knowing and intentional harassment and discrimination against her, Plaintiff suffered emotional

16 distress and mental pain and anguish, all to her damage in a sum according to proof.

17     78.   Defendants S.COM and TRUE POSITION, INC. committed the acts herein alleged

18 maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

19 an improper and evil motive amounting to malice, and in conscious disregard of the rights of

20 Plaintiff. Such conduct was ratified by the directors and managers of Defendants and was thus

21 authorized and/or ratified by Defendants S.COM and TRUE POSITION, INC. Accordingly,

22 Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

23     79.   As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an

24 attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is

25 entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

26     WHEREFORE Plaintiff prays for judgment as set forth below.

27 //

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

. 13

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

As a sixth cause of action against all Defendants, Plaintiff alleges:

80.   The allegations set forth in paragraphs 1 through 79 are realleged and incorporated herein by reference as though fully set forth herein.

81.   Defendants' conduct was extreme and outrageous.  Defendants acted with the intention of causing, or with reckless disregard for the probability of causing Plaintiff to suffer embarrassment, humiliation and severe emotional distress.

82.   As a proximate cause of the acts alleged above, Plaintiff suffered injuries including, but not limited to, embarrassment, humiliation, emotional distress and mental pain and anguish, all to her damage in a sum according to proof and further giving rise to a claim for punitive and exemplary damages.

WHEREFORE Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy: Government Code Section 12940 *et seq.*)

As a seventh cause of action against Defendants TRUE POSITION and S.COM Plaintiff alleges:

83.   The allegations set forth in paragraphs 1 through 82 are realleged and incorporated herein by reference as though fully set forth herein.

84.   At all times relevant hereto, the fundamental, formally established public policy of the State of California as expressed in Government Code section 12940 *et seq.* was and is that employees be free from gender-based and national origin-based discrimination and harassment in their employment and free from retaliation for opposing or making a complaint of sexual harassment.

85.   The acts of Defendants, and each of them, as alleged herein, were in violation of the public policy of the State of California as alleged above.  Defendants' violation of public policy

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.

1  created an intolerable, hostile and offensive working environment for Plaintiff because of her sex,

2  female, and national origin, Phillippines.  The aforementioned acts caused Plaintiff to suffer from

3  emotional distress.  Defendants unlawfully retaliated against Plaintiff for opposing and making a

4  complaint about the sexual harassment by terminating her for false reasons.

5     86.    As a proximate result of the loss of Plaintiff's employment, caused by her opposing the

6  sexually and origin-based hostile and offensive working environment created by Defendants,

7  Plaintiff has suffered losses in earnings and other employment benefits and suffered humiliation,

8  emotional distress, and mental pain and anguish, all to her damage in a sum according to proof and

9  further giving rise to a claim for punitive and exemplary damages.

10        WHEREFORE Plaintiff prays for judgment as set forth below.

11                        **REQUEST FOR JURY TRIAL**

12        Plaintiff requests a trial by jury.

13                          **PRAYER FOR RELIEF**

14        **WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

15     1.    For compensatory damages, including lost wages and employment benefits and other

16  special damages according to proof;

17     2.    For mental and emotional distress damages;

18     3.    For punitive damages;

19     4.    For an award of interest, including prejudgment interest, at the legal rate;

20     5.    For an award of attorneys' fees;

21     6.    For costs of suit incurred;

22     7.    For such other and further relief as the Court deems appropriate.

23  Dated: September 4, 2007

24                        By: _Valerie Toohey O'Dell_

25                            Valerie Toohey O'Dell
                              O'DELL & O'DELL, LLP

26

27                            Attorneys for Plaintiff
                              GLADYS GUTIERREZ

28

COMPLAINT FOR DAMAGES
GUTIERREZ v. TRUE POSITION, INC., S.COM, INC., et al.                    15

**EXHIBIT B**

CECILY A. WATERMAN, State Bar No. 63502
SUZANNE BOAG, State Bar No. 250441
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
TRUE POSITION, INC.

ENDORSED
FILED
ALAMEDA COUNTY

NOV 19 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

GLADYS GUTIERREZ,

                    Plaintiff,

          vs.

TRUE POSITION, INC.; S.COM, INC.,
CHRIS LOPEZ, JAMES HUDGENS,
JANSEN CRUZ PEREZ, CHRIS
LAPHAM, and DOES 1 through 10,
inclusive,

                    Defendants.

Case No. RG07344517

DEFENDANT TRUE POSITION, INC.'S
ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

Defendant TRUE POSITION, INC ("Defendant") hereby answers the unverified

Complaint of Plaintiff Gladys Gutierrez ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally

each and every material allegation contained in Plaintiff's unverified Complaint, and each and

every cause of action contained therein, and further denies that Plaintiff has been damaged in any

sum whatsoever or that she has been damaged by any act or omission of Defendant, its agents,

representatives, and/or employees.

WHEREFORE, Defendant asserts the following affirmative defenses and prays for

judgment as set forth below:

1-SF/7627075.1

Case No. PG07344517

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EXHIBIT B**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to the provisions of Code of Civil Procedure Section 335.1 and Government Code Sections 12960(d) and 12965(b).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, Plaintiff may not recover for such damages because, by her own acts and omissions, Plaintiff has failed to properly mitigate those damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff has waived and is estopped from asserting, in whole or in part, any causes of action upon which she seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7627075.1                                    2                        Case No. PG07344517

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Defendant alleges that Plaintiff's Complaint and each claim therein is barred by the doctrine of

2   laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein,

Defendant alleges that its conduct was a just and proper exercise of managerial discretion,

undertaken for fair and honest reasons, comporting with good faith under the circumstances then

existing, and was privileged and justified.

### EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusive Remedy)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein,

Defendant alleges that if Plaintiff sustained injury and/or emotional distress by reason of the

allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such

damages is governed by the California Workers' Compensation Act statutes.  Cal. Labor Code §§

3200, *et seq.*

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein,

Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent they exceed

the scope of the charges filed by Plaintiff with the California Department of Fair Employment and

Housing and to the extent the DFEH has not issued Plaintiff a right-to-sue letter.

### TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein,

Defendant alleges that it exercised reasonable care to prevent and correct promptly any

discriminatory, harassing, or retaliatory conduct, that Plaintiff unreasonably failed to take

advantage of the preventative and corrective opportunities provided by Defendant, or otherwise to

avoid harm, and that reasonable use of Defendant's internal procedures and remedies would have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7627075.1                                      3                        Case No. PG07344517

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

prevented some, if not all, of Plaintiff's claimed damages from occurring.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that to the extent that unlawful reasons were motivating factors as to any action by Defendant alleged in the Complaint, which Defendant denies, legitimate, non-discriminatory, non-retaliatory reasons, standing alone, would have induced Defendant to make the same employment decisions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Absence of Malice)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that at all times and places alleged in the Complaint, Defendant acted without malice and with a good faith belief in the propriety of its conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges, to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages, or shall reduce such claims as provided by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Prevention of Discriminatory Behavior)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, or retaliatory behavior.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that any non-economic damages sustained by Plaintiff in this action were due to the fault of someone other than Defendant and, under California Civil Code Section 1431.2, the Fair Responsibility Act of 1986, Defendant can only be held liable for those non-economic damages proportionally caused by the fault of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's claims are barred because Defendant's actions about which Plaintiff complains were job-related and consistent with business necessity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that any claim by Plaintiff for punitive damages against Defendant is barred because there is no vicarious liability, in that no officer, director, or managing agent of Defendant: (i) had advance knowledge of the unfitness of any employee or other person alleged to have acted unlawfully but nonetheless employed such person with a conscious disregard of the rights or safety of others, (ii) authorized or ratified the alleged wrongful conduct for which damages are claimed, or (iii) was personally guilty of oppression, fraud or malice.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that Plaintiff's claim for punitive damages is barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the State of California.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses Available)

As a separate and affirmative defense to Plaintiff's Complaint and each claim therein, Defendant alleges that it presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant expressly reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for the following:

1. That Plaintiff take nothing in this action;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That attorneys fees be awarded to Defendant;

4. That costs of suit be awarded to Defendant; and

5. For such other and further relief in favor of Defendant as the Court deems just and proper.

Dated: November 19, 2007                     MORGAN, LEWIS & BOCKIUS LLP

By _____
Suzanne Boag
Attorney for Defendant
TRUE POSITION, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7627075.1                     6                     Case No. PG07344517

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On November 19, 2007, I served the within document(s):

**DEFENDANT TRUE POSITION, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐  by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐  by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

PLAINTIFF:
Valerie Toohey O'Dell, Esq.
O'Dell & O'Dell, LLP
887 Island Drive, Suite 220c
Alameda, CA 94502
Tel: 510.814.3785
Fax: 510.814.3795

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 19, 2007, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

*Narda Gaskell*
Narda Gaskell

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7632356.1

PROOF OF SERVICE