VALERIE TOOHEY O'DELL (SBN 101999)
JAMES R. O'DELL (SBN 181397)
O'DELL & O'DELL, LLP
887 Island Drive, Suite 220C
Alameda, CA 94502
Tel: 510.814.3785
Fax: 510.814.3795
Email: valerie.odell@sbcglobal.net, jim.odell@sbcglobal.net

Attorneys for Plaintiff
GLADYS GUTIERREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS GUTIERREZ,<br><br>    Plaintiff,<br><br>v.<br><br>TRUE POSITION et al.,<br><br>    Defendants. | No.  C 07 05899 CRB<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: March 7,, 2008<br>Time: 8:30 a.m.<br>Courtroom 8, 19th Floor<br>Honorable Charles R. Breyer, Presiding |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and service:** This action was removed from state court based on alleged diversity of citizenship.  See Defendants' Notice of Removal.  The individual defendants have not been served because they have not yet been located.  One of the discovery issues will be the citizenship of the individual defendants which may affect jurisdiction in this case.

**2.  Facts:**

    **A.  Plaintiff:**  Plaintiff Gladys Gutierrez is a young woman from the Phillippines who worked at Defendant True Position, Inc. ("TruePosition") through Defendant S.Com, Inc.

1  ("S.Com"), a temporary agency.  Plaintiff began her employment with True Position and
2  S.Comm in September 2006.  She served as an office administrator in True Position's office in
3  Pleasanton, California.  Plaintiff alleges that she was subjected to a constant barrage of sexual
4  and national-origin based harassment and discrimination during her tenure with Defendants.
5  When she complained, she was immediately terminated in retaliation.

6       **B.  Defendants:**
7          1.  TruePosition

8       Defendant TruePosition denies that Plaintiff was subjected to any sexual and national
9  origin-based discrimination during her brief assignment with TruePosition.  In November
10 2006, Plaintiff emailed management at TruePosition about one, single incident which occurred
11 almost two months prior.  Plaintiff was immediately advised to submit a formal complaint,
12 which was properly escalated through TruePositon to the Director and the legal department.
13 Further, TruePosition conducted a prompt investigation of Plaintiff's complaint which
14 revealed facts inconsistent with the alleged wrongdoing reported by Plaintiff.

15      TruePosition further denies that Plaitniff was the subject of retaliation.  Plaintiff was a
16 temporary employee engaged as an independent contractor to support TruePosition's
17 temporary field office.  Plaintiff was advised that the office in which she worked would be
18 closed and that her position would be eliminated in December 2006.

19         2.  S.Com

20      Defendant S.Com denies that Plaintiff was subjected to sexual and national-origin
21 based harassment during her employment.  Plaintiff complained about a couple of isolated
22 incidents involving coworker James Hudgens.  Upon receipt of this complaint, S.Com
23 immediately launched an investigation.  The investigation revealed that there were no
24 witnesses to support Plaintiff's claims about Mr. Hudgens.  Moreover, the isolated incidents
25 about which Plaintiff complained, even if true, did not create a hostile work environment for
26 Plaintiff.  Plaintiff was not terminated in retaliation for her complaints about harassment.  On
27 the contrary, Plaintiff was a temporary employee assigned to a particular project in Pleasanton,
28 California.  Plaintiff's assignment ended when the project was completed.

3.  **Legal Issues:** Whether Plaintiff was subjected to unlawful sexual harassment, national origin-based harassment and discrimination under California's Fair Employment and Housing Act ("FEHA"); whether Plaintiff's termination constitutes unlawful retaliation under FEHA; whether Plaintiff is entitled to compensatory damages, including amounts for emotional distress, back pay and benefits, punitive damages and attorneys fees.

4.  **Motions**: Plaintiff may file a motion to remand this case to state court depending on information to be obtained in Initial Disclosures and discovery concerning the citizenship of the individual defendants, Chris Lopez, James Hudgens, Jansen Cruz Perez and Chris Lapham. Defendants intend to file motions for summary judgment.

5.  **Amendment of Pleadings:** At this time, the parties do not anticipate amending the pleadings.

6.  **Evidence Preservation:** Plaintiff's counsel has instructed Plaintiff to preserve all relevant documents. Plaintiff requests that Defendants preserve all documents, including all emails and drafts which refer or relate to Plaintiff's complaint of harassment or any investigation of Plaintiff's complaint. Defendants TruePosition and S.Com have identified individuals likely to possess evidence reasonably relevant to the issues of this action and have distributed directives to these individuals to retain such evidence.

7.  **Disclosures:**   The parties are in the process of making initial disclosures in accordance with the requirements of Fed. R. Civ. P. 26. Counsel for Plaintiff is specifically requesting disclosure of documents and information pertaining to Defendants' internal investigation of Plaintiff's sexual harassment complaint, as well as last known addresses of the individual defendants.

8.  **Discovery:** Discovery has not yet commenced pending initial disclosures. Counsel for both parties have agreed that Plaintiff will appear for a portion of her deposition prior to mediation. Counsel will also discuss what other discovery is appropriate prior to mediation.

9.  **Class Actions:** Not applicable.

10. **Related Cases:**   No related cases

11. **Relief:**   Plaintiff seeks compensatory damages for emotional distress and lost

earnings, the amounts to be determined following discovery. In addition, Plaintiff seeks punitive damages, attorneys' fees and costs. These damages are provided for under FEHA, Calif. Gov. Code Section 12940 *et seq*.

**12. Settlement and ADR:** Counsel for all parties have agreed to private mediation after initial disclosures and limited discovery is completed.

**13. Consent to Magistrate Judge for All Purposes:** The parties are not in agreement regarding consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. .

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** Plaintiff anticipates that issues can be narrowed by agreement and will consider whether the presentation of evidence at trial can be expedited through stipulated facts. Plaintiff does not request bifurcation of any issues or claims. Defendant TruePosition states that there are presently no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**16. Expedited Schedule:** Plaintiff believes this is the type of case that can be handled on an expedited basis with streamlined procedures. Defendant TruePosition takes the position that ths is not the type of case that can be handled on expedited bases with streamlined procedures, for among other reasons, the individual defendants have not yet been served..

**17. Scheduling:** The parties propose the following schedule: last day to designate experts – July 31, 2008; last day to conclude discovery, including expert discovery – September 15, 2008; last day to hear dispositive motions – November 30, 2008; pretrial conference/trial – January 15, 2009.

**18. Trial:** Plaintiff has requested a jury trial. Plaintiff anticipates that the trial will last 3-5 court days.

**19. Disclosure of Non-party Interested Entities or Persons:** Plaintiff, TruePosition and S.Com all have filed a "Certification of Interested Entities or Person" required by Civil Local Rule 3-16. Plaintiff is unaware of any persons or other entities to have either a financial interest in the subject matter in controversy or in a party to the proceeding; or any other kind of

interest that could be substantially affected by the outcome of the proceeding.  The Certificationsfor TruePosition and S.Com specified that the following persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other entities are known to have a financial interest in the subject matter in controversy or in a party to the proceeding, or to have an interest that could be substantially affected by the outcome of the above-captioned lawsuit: 1) for TruePosition – Liberty Media Corporation; Liberty Capital, and 2) for S.Com – Carlisle Group Limited, a UK company that trades on the London Stock Exhchange.

**20. Other matters:** Not applicable.

DATED: 2/29/08

By: s/ Valerie Toohey O'Dell
O'Dell & O'Dell, LLP
Attorney for Plaintiff
GLADYS GUTIERREZ

DATED: 2/29/08                     By: s/ Cecily A. Waterman
Morgan Lewis & Bockius LLP
Attorney for Defendant TruePosition

DATED: 2/29/08                     By: s/ Stephen H. Dye
Schnader, Harrison, Segal & Lewis LLP
Attorney for Defendant S.Com